UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **ANTHONY K. LAYSSARD** | * | **CIVIL ACTION NO. 06-0352A** |
| Plaintiff | * | |
| | * | |
| **VERSUS** | * | **JUDGE DEE D. DRELL** |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| **DEPARTMENT OF THE ARMY** | * | |
| Defendant | * | **MAGISTRATE JUDGE JAMES KIRK** |
| | * | **BENCH TRIAL** |

*******************************************************************************************

# PLAINTIFF'S *DAUBERT* MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF RIMKUS CONSULTING SHOULD PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT BE DENIED

NOW INTO COURT, through undersigned counsel, comes plaintiff, Anthony K. Layssard, who respectfully moves as follows:

1. The above captioned matter is scheduled for a bench trial beginning November 16, 2007.

2. On August 27, 2007, the Plaintiff received a report from employees of Rimkus Consulting Group, Inc. ("Rimkus"), who was retained to "analyze the accident scenario and to determine the potential for injury to Mr. Layssard." It is the Plaintiff's understanding that the report issued by Rimkus is commonly referred to as a "bio-mechanical engineering" report and will be used in an attempt to somehow show that the accident at issue did not cause Mr. Layssard's injuries.

3. A Motion in Limine to Exclude Defense Expert, or in the Alternative Motion for Extension of Time to Submit Plaintiff's Expert Report is currently pending before the Court. A hearing on this Motion is scheduled for October 22, 2007.

4. The Plaintiff herein adopts his Motion in Limine to Exclude Defense Expert, or in the Alternative Motion for Extension of Time to Submit Plaintiff's Expert Report and Memorandum in

Support thereof in their entirety.  The Plaintiff in said Motion attacks the Rimkus report as untimely and suggests to the Court that said untimeliness provides a reasonable basis for the exclusion of the report.

5. For the reasons stated in the attached memorandum and assuming *arguendo* that the Motion in Limine to Exclude Defense Expert is denied, the Plaintiff respectfully prays that the Rimkus testimony be excluded or limited based on the factors expressed in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

          Respectfully submitted,

          **FAIRCLOTH, VILAR & ELLIOTT, L.L.C.**

    By:     /s/ Mark F. Vilar
          Mark F. Vilar, #25918
          Aaron L. Green, #30530
          3709 Masonic Drive
          Post Office Box 12730
          Alexandria, Louisiana 71315-2730
          Telephone: (318) 442-9533
          Facsimile: (318) 442-9532

          **ATTORNEYS FOR PLAINTIFF, ANTHONY K. LAYSSARD**

FAIRCLOTH,
VILAR &
ELLIOTT, L.L.C.
ALEXANDRIA, LOUISIANA

## CERTIFICATE

I hereby certify that a copy of the of the above and foregoing Plaintiff's *Daubert* Motion to Exclude or Limit the Testimony of Rimkus Consulting Should his Motion in Limine to Exclude Defense Expert be Denied has this day been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for defendant, Karen J. King, by operation of the Court's electronic filing system

Alexandria, Louisiana, on this **17th** day of **October**, **2007.**

                                            /s/ Mark F. Vilar
                                              OF COUNSEL

FAIRCLOTH,
VILAR &
ELLIOTT, L.L.C.
ALEXANDRIA, LOUISIANA