UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| ANTHONY LAYSSARD | ) | CIVIL ACTION NO. 06-0352 |
| | ) | |
| VERSUS | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | JUDGE DRELL |
| | ) | MAGISTRATE JUDGE KIRK |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
<u>DAUBERT MOTION</u>**

MAY IT PLEASE THE COURT:

Plaintiff filed the instant motion on October 17, 2007 to exclude or limit the testimony of

Defendant's expert, Richard Baratta, Ph.D. and/or Rimkus Consulting.  Rec. Doc. 33.  Essentially,

the plaintiff seeks to exclude the testimony of Dr. Baratta on two grounds: (1) that the proposed

testimony is without adequate foundation to be admissible under *Daubert*; and (2) that Dr. Baratta

is not a medical doctor, therefore he cannot give an opinion on medical causation.  Rec. Doc. 33.

Plaintiff's original motion and memorandum did not discuss the specific *Daubert* factors or

how Dr. Baratta's testimony failed to satisfy *Daubert*, other than attaching the report of their rebuttal

expert, Timothy Harrigan, Sc.D.  Dr. Harrigan opines in his written report that there is insufficient

information in this case to support the opinions of Dr. Baratta.  Rec. Doc. 33, Exhibit A.  In a

supplemental memorandum, the plaintiff argues that the knowledge or opinions of a biomechanical

engineer will not assist the court in either understanding the evidence or determining any issues of

fact.  Plaintiff also alleges that Dr. Baratta's opinions are not supported by sufficient data and are not

reliable.  Rec. Doc. 36.  In the alternative, the plaintiff seeks to limit Dr. Baratta's testimony to

exclude medical causation.  *Id*.

Rule 702 of the Federal Rules of Evidence requires that a witness offering expert testimony be "qualified" as the first prong of admissibility.  FRE 702.  A properly qualified witness, whose training, experience, or both have given him peculiar and reliable knowledge of a certain subject, may give his opinion thereon to assist the trier of facts in handling specialized fields. *Carroll v. Magnolia Petroleum Co.*, C.A.5 (Tex.) 1955, 223 F.2d 657.   Following the Supreme Court's interpretation of Rule 702 in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), Rule 702 was amended to permit opinion testimony from "a witness qualified as an expert by knowledge, skill, experience, training, or education" if such testimony will assist the trier of fact and "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

The plaintiff does not appear to object to Dr. Baratta's qualifications as an expert in biomechanics and accident reconstruction.  However, the plaintiff objects to any testimony by Dr. Baratta which is perceived as "medical testimony."  Defendant does not dispute that Dr. Baratta is not a medical doctor.  Dr. Baratta does not offer any opinion as to the plaintiff's medical diagnosis or treatment.  In his expert report and deposition, Dr. Baratta opines that the mechanism for the injuries to the plaintiff's lumbar area and left knee (as diagnosed by the treating physicians) are not present in this accident.  *See* Report of Dr. Baratta, attached hereto as Exhibit A.  In other words, Dr. Baratta's analysis of the accident leads him to the conclusion that he would not expect the physical injuries complained of by the plaintiff to result from this accident.

Dr. Baratta's curriculum vitae and deposition testimony reveal that he holds a bachelor's,

masters' and doctorate degrees is biomedical engineering from Tulane University.  *See* Curriculum

Vitae of Dr. Baratta, attached hereto as Exhibit B.   Dr. Baratta is also a certified accident

reconstructionist.  *Id*.  Dr. Baratta has reconstructed approximately one hundred and fifty automobile

accidents.  *See* Supplemental. Deposition of Dr. Baratta, pertinent pages attached hereto as Exhibit

C, p.10, lines 14-19.   He has been accepted and testified in court as an expert in biomedical

engineering and accident reconstruction.  *See* Deposition of Dr. Baratta, pertinent pages attached

hereto as Exhibit D, p. 139, lines 15-20.  Dr. Baratta, has never been excluded as an expert witness

on the basis of his qualifications.  *Id*., lines 20-23.  Dr. Baratta is qualified to render opinions in the

fields of accident reconstruction and biomedical/biomechanical engineering.

The plaintiff argues that Dr. Baratta cannot give an opinion as to whether the plaintiff

sustained an injury in this particular accident; therefore, his testimony will not assist the court.

However, Dr. Baratta has testified that he is qualified to testify to, "the potential of causation of

injuries in this accident."  Ex. D, p. 42, lines 20-24.  Dr. Baratta explained further that this includes,

" . . . the injuries that are consistent with the mechanics of this accident."  Ex. D, p. 43, lines 2-7.

When asked if he would disagree if a medical doctor opined that Mr. Layssard was injured

in this accident, Dr. Baratta testified that he would disagree because the medical doctor would be

missing information.  Specifically, the medical doctor, " . . . does not know  . . .  are the dynamics

of the accident."[1]  Ex. D, p.47, lines 15-24.  Dr. Baratta's analysis of the accident can assist the trier

of fact in its determination of legal causation.  *See, e.g., Arabie v. Chevron U.S.A., Inc.*, 688 F.Supp.

---

[1]  *See, e.g., Wynacht v. Beckman Instruments*, 113 D.Supp.2d 1205, 1208-1209 (clinical
treating physician not qualified to testify as to medical causation where physician failed to
identify any biochemical, medical or toxicological principles or studies supporting her
conclusion).

1111, 1115 (WD La. 1988). The court will hear testimony from fact witnesses, as well as a treating physician.  Knowledge of the mechanics of the accident and the expected movement of Mr. Layssard's body during the accident, as well as resulting injuries expected from such movement would certainly aid the trier of fact in making is determination of legal causation.[2]

The plaintiff also argues that Dr. Baratta's opinions are not supported by sufficient data, therefore, they are unreliable.  To support this contention, the plaintiff relies upon the rebuttal report and testimony of Dr. Harrigan.  Dr. Harrigan testified that he did not calculate any forces involved in this accident because there is not enough data.  *See* Deposition of Dr. Harrigan, pertinent sections attached hereto as Exhibit E, p. 76 lines 1-5.  Because he did not calculate any forces, then he certainly could not have calculated a range of forces present in this accident.  *Id.*, lines 6-11.  However, Dr. Harrigan was still able to opine that the forces in the accident could be in the range of forces that would cause an exacerbation of existing injuries.  *Id.*, lines 12-23.  Dr. Harrigan's report seeks to point out what information is not available, but what Dr. Harrigan does not refute in his report is that this was a shallow angle contact accident.  Nor, does Dr. Harrigan indicate or testify that Dr. Baratta's delta-v calculation is wrong.

Dr. Baratta has testified that as a certified accident reconstructionist, which Dr. Harrigan is not, he is trained to use photographs and repair estimates to estimate the change in speed or delta-v in reconstructing an accident.  Ex. C, p. 17, lines 16-25.  Dr. Baratta further testified that as part

---

[2]  Unlike the excluded expert in *Brown v. Old Castle Precast East, Inc.*, 00-CV-2549 (E.D.Pa. 1/15/03), 2003 U.S. Dist. LEXIS 1314, *affirmed*, 76 Fed.Appx. 404 (3rd Cir. 2003), Dr. Baratta's proposed testimony is not duplicative.  In Brown, the plaintiff had other medical experts testifying as to the nature and extent of the plaintiff's injuries.  The court in denying a motion for new trial, found that it was not harmful error to exclude the plaintiff's proffered expert.

of his certification testing, he was required to examine photographs and estimate the change in speed. According to Dr. Baratta, and not disputed by Dr. Harrigan, the use of photographs to estimate delta-v is an accepted method within the accident reconstruction community. Ex. C, p. 17, lines 16-25. Dr. Baratta's opinion is based on more than the "trust me, I'm an expert" position espoused by the plaintiff. Dr. Baratta's estimation of delta-v is testable. He testified that by staging a similar collision, his estimate could be tested. Ex. C, p. 8, lines 13-17. Further, his estimate was based on similar accidents that he has examined. *Id.*, lines 7-12. Although Dr. Baratta did not stage a collision to test his delta-v estimate in this case, his opinion is also based upon the more than one hundred accidents he has reconstructed. *Id.*, p. 10, lines 14-19.

The plaintiff also goes through a laundry list of things that Dr. Baratta did not do in this case, such as examine the vehicles involved, obtain information about the material composition of the Humvee bumper, etc. However, Dr. Baratta testified that there were several methods available to calculate the change in speed in this accident, but that using the photographs and repair estimates was the preferred method in this case. Ex. D, p. 30, lines 17-25, p. 31, lines 1-25, p. 32, line1. Dr. Baratta consistently testified that certain information, such as the physical properties of the seat belt was simply irrelevant to this type of accident. Ex. D, p. 106, lines 2-10.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court assigned to trial courts the responsibility of determining whether expert testimony under Rule 702 is "not only relevant, but reliable." *Id*. at 589, 113 S.Ct. 2786. In this gate-keeping role, trial courts make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592-93, 113 S.Ct. 2786.

The *Daubert* opinion lists a number of factors that a trial court may use in determining an expert's reliability. Trial courts are to consider the extent to which a given technique can be tested, whether the technique is subject to peer review and publication, any known potential rate of error, the existence and maintenance of standards governing operation of the technique, and, finally, whether the method has been generally accepted in the relevant scientific community. *See id*. at 593-94, 113 S.Ct. 2786. These factors are not mandatory or exclusive; the district court must decide whether the factors discussed in *Daubert* are appropriate, use them as a starting point, and then ascertain if other factors should be considered. *See Black v. Food Lion*, 171 F.3d 308, 311-12 (5th Cir.1999). But the existence of sufficient facts and a reliable methodology is in all instances mandatory. "[W]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir.1987).

As discussed above, Dr. Baratta testified that his method of estimating the change in speed in this accident is testable.  The method chosen by Dr. Baratta is an accepted method of evaluation by the accident reconstruction community and is even included in the field's certification testing. Dr. Baratta's opinions are based on sufficient facts and data, as well as Dr. Baratta's knowledge and experience.   The trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.  *See, e.g., Melberg v. Plains Marketing, L.P.*, 332 F.Supp.2d 1253, 1258.

Dr. Baratta will be present at the Daubert hearing on November 16, 2007 and the government will at that time, lay its foundation for the acceptance of Dr. Baratta as an expert in accident reconstruction and biomedical/biomechanical engineering.  Dr. Baratta's proposed testimony is both relevant and reliable.  The plaintiff's motion should be denied.

Respectfully submitted,

DONALD W. WASHINGTON
UNITED STATES ATTORNEY

BY:    s/ KAREN J. KING
        KAREN J. KING  (#23508)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, Louisiana 70501-6832
        Telephone: (337) 262-6618
        Facsimile:  (337) 262-6693

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 14, 2007 from Lafayette, Louisiana, a copy of the foregoing Memorandum in Opposition to Plaintiffs *Daubert* Motion was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Plaintiffs' counsel, Mark Vilar, by operation of the court's electronic filing system.

        s/ KAREN J. KING
        KAREN J. KING   (# 23508)
        Assistant United States Attorney